Filed 1/13/15  P. v. Ramos CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B256215 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA117053) |
| v. | |
| GAVINO CIRILO RAMOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, John A. Torribio, Judge.  Affirmed.

A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant, Gavino Cirilo Ramos, appeals from the sentence imposed on remand from a prior appeal. We previously affirmed with minor modifications defendant's second degree murder conviction. (Pen. Code, § 187, subd. (a).) [1] In addition, the jury and the trial court found various special enhancement allegations to be true. (§§ 186.22, subd. (b)(1)(C), 667, subds. (a)(1) & (b)-(i), 667.5, subd. (b), 1170.12, 12022.53, subd. (d).) We remanded to allow the trial court to exercise its discretion in connection with a prior prison term enhancement and a serious conviction sentence. (*People v. Ramos* (Nov. 22, 2013, B244221 [nonpub. opn.].) Defendant contends the trial court abused its discretion in refusing to strike his prior convictions alleged under Penal Code sections 667, subdivisions (b) through (i), and 1170.12. We conclude there was no abuse of discretion.

The information alleges defendant had been convicted in 1994 of two attempted murder counts (§§ 664, 187, subd. (a)) and one robbery count. (§ 211.) The trial court had discretion to strike one or more of those prior conviction allegations. (§ 1385, subd. (a); *People v. Clancey* (2013) 56 Cal.4th 562, 568; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530.) In ruling on a motion to strike a prior conviction, a trial court considers certain well-established factors: "[T]he court in question must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; accord, *In re Large* (2007) 41 Cal.4th 538, 552.) Our review is for an abuse of discretion. (*People v. Clancey, supra,* 56 Cal.4th at p. 581; *People v. Carmony* (2004) 33 Cal.4th 367, 373.) An abuse of discretion occurs only if the trial court's ruling is "so irrational or arbitrary that no reasonable person could agree with [the trial court's ruling]." (*People v. Carmony, supra,* 33 Cal.4th at p. 377; see *People v. Blocker* (2010)

---

[1]     Future statutory references are to the Penal Code except where otherwise noted.

190 Cal.App.4th 438, 444.) The burden is on the defendant to clearly show the trial court's sentencing decision was irrational or arbitrary. (*People v. Carmony, supra,* 33 Cal.4th at p. 376; *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977.) Moreover, as our Supreme Court has held, "[A] '"decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"' ([*People v. Superior Court (Alvarez), supra,* 14 Cal.4th] at p. 978, quoting *People v. Preyer* (1985) 164 Cal.App.3d 568, 573.)" (*People v. Carmony, supra,* 33 Cal.4th at pp. 376-377; see *People v. Clancey, supra,* 56 Cal.4th at pp. 580-581.)

Defendant was an unemployed gang member with a drug abuse history and a long criminal record. He had numerous aliases and gang monikers. He had failed at times to satisfactorily perform on probation and parole. He had also engaged in criminal conduct while in state prison. As a juvenile, defendant was arrested for robbery in 1987 and 1990 and burglary in 1989. The probation department's pre-conviction report contains no additional information regarding those arrests. On January 28, 1991, defendant was convicted of marijuana possession (Health & Saf. Code, § 11357, subd. (c)), a misdemeanor. He was placed on six months' summary probation. (Case No. C6595.) Six months later, on July 15, 1991, defendant was convicted of being a minor in possession of alcohol (Bus. & Prof. Code, § 25662, subd. (a)), a misdemeanor. He served 21 days in the county jail. (Case No. 91M06994-03.) On July 30, 1991, defendant was convicted of controlled substance possession (Health & Saf. Code, § 11350, subd. (a)), *a felony*. He was placed on probation for 36 months. (Case No. TA013712.) His probation was revoked and reinstated on January 24, 1992. One year later, on February 24, 1993, defendant's probation was again revoked. On March 22, 1993, defendant was sentenced to 16 months in state prison. On November 21, 1991, defendant was convicted of drinking in a park (Paramount Mun. Code, § 3-2), a misdemeanor. He served two days in the county jail. (Case No. 91M13236.) On January 27, 1992, defendant was convicted of being a minor in possession of alcohol (Bus. & Prof. Code, § 25662, subd. (a)), a misdemeanor. He was placed on 15 months' summary probation. (Case No.

3

92M00737.) Defendant was convicted of driving without a license (Veh. Code, § 12500, subd. (a)), a misdemeanor, on November 17, 1992. He was placed on 12 months' summary probation. (Case No. 92M08155.) Defendant incurred another misdemeanor conviction, for vandalism, on December 21, 1992. He was placed on 12 months' summary probation. (Case No. TA021754.)

The prior conviction allegations in the present case (§§ 667, subd. (b)-(i), 1170.12) arose from case No. TA026160. On June 13, 1994, defendant was convicted of first degree robbery (§ 211) and two counts of attempted murder. (§§ 664, 187, subd. (a).) Firearm use and prior prison term allegations were found to be true. He was sentenced to 244 months in state prison. On April 17, 2001, while in prison, defendant was arrested for battery. (§ 4501.5.) On September 12, 2002, the battery charge was dismissed. A drug possession charge (§ 4573.8) was also dismissed. Defendant was convicted of resisting an executive officer (§ 69), a felony. He received a concurrent two-year sentence. On November 6, 2008, after his release from state prison, defendant was arrested for drug possession. (Health & Saf. Code, § 11377, subd. (a).) On November 10, 2008, however, the charge was dismissed. The probation department's report notes, "[I]nadmissible search and seizure." On November 30, 2010, defendant was arrested for the present murder of a rival gang member. Defendant was on active parole when he was arrested. At trial in the present case, defendant admitted he had been a methamphetamine user. He testified he had been in drug rehabilitation and was not using methamphetamine anymore.

The trial court considered whether defendant fell outside the spirit of the sentencing scheme. The trial court concluded he did not. Given the foregoing record, the trial court did not abuse its discretion. The remoteness of defendant's prior convictions do not necessarily take him outside the spirit of sections 667, subdivisions (b) through (i), and 1170.12. The same is true that they were sustained in a single case. (See *People v. Williams, supra,* 17 Cal.4th at pp. 162-163; *People v. Fuhrman* (1997) 16 Cal.4th 930, 939.) Defendant's reliance on *People v. Vargas* (2014) 59 Cal.4th 635, 645, is misplaced. There is no evidence defendant's three prior serious felony convictions—two

4

attempted murder counts and one robbery count—were based on his commission of a single act against a single victim.

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:


KRIEGLER, J.


GOODMAN, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.