Filed 4/22/15  P. v. Gilman CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>SCOTT ALLEN GILMAN,<br><br>      Defendant and Appellant. | E061005<br><br>(Super.Ct.No. FVI009647)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

James M. Crawford for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, and Randall Einhorn, Peter Quon, Jr., and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Scott Allen Gilman appeals from the trial court's order denying his petition for a certificate of rehabilitation. (Pen. Code, § 4852.01, subd. (c), 4852.06.)[1] We affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 2001 defendant pled guilty to a misdemeanor count of child molestation in violation of section 647.6, subdivision (a) (annoying or molesting a child under the age of 18).[2]  He was sentenced to three years of probation on the condition that he serve 210 days in the San Bernardino County jail, pay various fines and fees, and register as a sex offender under section 290.[3]  In June 2009, defendant moved to withdraw his guilty plea and dismiss the case under section 1203.4.  The motion was granted and the case was dismissed.

In July 2011, defendant filed a section 4852.01 petition for certificate of rehabilitation and sought relief from the duty to register pursuant to section 290.  The prosecution acknowledged that defendant was allowed to apply for a certificate of rehabilitation under section 4852.01, subdivision (c) but argued it should be denied due to the nature of the underlying offenses.  Alternatively, if the court decided to issue a

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  According to the probation report, defendant was accused of touching the private area, including putting his finger inside the vagina, of two young girls (ages three and four) in 1998 and 1999.  He was born in February 1980.

[3]  Although it is not noted in the clerk's minutes, the plea bargain agreement states:  "Requirement to register will terminate in 10 yr[s] with certificate of rehabilitation."

certificate of rehabilitation, the prosecution asserted that the current law provides that the granting of a certificate of rehabilitation does not provide relief from the registration requirement. A supplemental probation report was prepared. The probation officer concluded that defendant was not eligible for a certificate of rehabilitation based on his failure "to meet both Sobriety and Industry portions of the statute."

On July 12, 2013, the prosecution opposed issuance of a certificate of rehabilitation on the grounds that defendant refused to allow the district attorney's office to contact his employer, and thus, the prosecution had "no way of verifying [defendant's] industry other than his own self-serving statements." Defendant offered to provide a redacted tax return and W-2. The prosecution then expressed concern that defendant may have perjured himself on his job application by denying the misdemeanor conviction. Defendant offered to provide the paperwork regarding the disclosure requirements in his job application. The matter was continued for further investigation.

On March 7, 2014, the trial court was presented with defendant's petition and motion for relief from section 290 registration requirements, defendant's supplemental points and authorities, his supplemental argument, and the prosecutor's opposition to the petition and motion. Following further argument by counsel, the trial court denied the requested relief.[4]

---

[4] Defendant asserts that the trial court's silence on its reasons for denying his petition, coupled with its comments on the application of *Doe v. Harris* (2013) 57 Cal.4th 64, 71 ["prosecutorial and judicial silence on the possibility the Legislature might amend a statutory consequence of a conviction should not ordinarily be interpreted to be an implied promise that the defendant will not be subject to the amended law."] implies the

*[footnote continued on next page]*

## II.  DISCUSSION

Defendant contends that he met the statutory requirements to obtain a certificate of rehabilitation, and thus, the trial court abused its discretion in denying his petition.  We conclude the court acted within its discretion in denying defendant's request.

### A.  The Law

Sections 4852.01 and 290.5 together provide a means by which some sex offenders may obtain a certificate of rehabilitation and relief from the sex offender registration requirement.  (*People v. Tuck* (2012) 204 Cal.App.4th 724, 739-740 (conc. opn. of Pollak, J.).)  Specifically, section 4852.01, in relevant part, provides:  "Any person convicted . . . of a misdemeanor violation of any sex offense specified in Section 290, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter . . . ."  (§ 4852.01, subd. (c).)  A certificate of rehabilitation; however, does not free some defendants, including defendant in this case, from the requirement that he register his address with local authorities.  (§§ 290.5, subd. (a)(2) ["A person

---

*[footnote continued from previous page]*

denial was based on the trial court's "mistaken belief of the futility of a certificate of rehabilitation."  We disagree.  The record does not show the court failed to properly consider either the law or the facts of defendant's petition.  Hearing on the petition was continued to allow further investigation.  In addition to what was submitted in writing, the court allowed further argument at the hearing.  The court's failure to state reasons for denying the petition does not mean it failed to consider the appropriate factors and exercise its discretion.  Further, defendant's lack of an objection to such a failure forfeits any claim based on the lack of articulated reasons.  (*People v. Scott* (1994) 9 Cal.4th 331, 353.)  We have no reason to believe the court's decision to deny defendant's petition was not based on all of the information presented.

4

required to register under Section 290, upon obtaining a certificate of rehabilitation . . . shall not be relieved of the duty to register under Section 290 . . . .”], 290, subd. (c) [includes section 647.6 offenses in the list of offenses requiring registration].)

In order to obtain a certificate of rehabilitation, the petitioner must comply with the requirements of section 4852.05, which states: “The person shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land.” “The district attorney may be directed to investigate the petitioner, here defendant, and report to the court. [Citation.] The superior court holds a hearing where it considers testimonial and documentary evidence relevant to the petition. [Citations.] The court may require the production of judicial, correctional, and law enforcement records relating to the petitioner’s crimes, supervised release, and conduct during the rehabilitation period. [Citation.] The court may issue a certificate of rehabilitation if it finds the petitioner is both rehabilitated and fit to exercise the privileges and rights he lost due to his conviction. [Citation.] ‘The standards for determining whether rehabilitation has occurred are high.’ [Citation.]” (*People v. Failla* (2006) 140 Cal.App.4th 1514, 1519 [Fourth Dist. Div. Two].)

**B. Standard of Review**

The denial of a petition for a certificate of rehabilitation under section 4852.01 is reviewed on appeal under an abuse of discretion standard. (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 226.) Abuse of discretion requires a showing that the court

5

exercised its discretion in an arbitrary, capricious or patently absurd manner, resulting in a manifest miscarriage of justice. (*People v. Jordan* (1986) 42 Cal.3d 308, 316.)

## C. Analysis

In considering defendant's petition for a certificate of rehabilitation, the trial court was presented with extensive evidence, including: Defendant's July 11, 2011, declaration; the July 22, 2013, declarations of defendant's wife and father; a March 15, 2012, psychological assessment (STATIC-99 evaluation) by Robert L. Suiter, Ph.D., Psy.D., which concluded that defendant had no mental or personality disorders, no substance abuse issues, and presented a low risk of recidivism; the January 10, 2012, probation officer's memorandum; a March 15, 2012, STATIC-99 report by the probation officer; and a July 9, 2013, supplemental investigative report from the district attorney. There is no dispute that defendant presented evidence that he is gainfully employed, owns his home, is a husband and father of two, and has no substance abuse issues.

However, satisfying all of the ostensible criteria for rehabilitation is insufficient to justify issuance of a certificate of rehabilitation when the defendant refuses to admit that he was guilty and properly convicted as a sexual offender. (*People v. Blocker* (2010) 190 Cal.App.4th 438, 444 (*Blocker*).) "Because 'rehabilitation logically assumes guilt' [citation], numerous state and federal jurisdictions accept that 'a court may properly consider a defendant's refusal to acknowledge guilt when evaluating the defendant's rehabilitation potential because acknowledgement of guilt is a critical first step towards rehabilitation.' [Citations.] A natural corollary is that 'A refusal to admit guilt may be relevant to the question of rehabilitation . . . .' [Citations.] [¶] "'A pardon proceeds, not

6

upon the theory of innocence, but implies guilt.  If there was no guilt, . . . there would be no basis for pardon.'"  [Citations.]  Guilt as the predicate for pardon is virtually a judicial truism, one commanding wide acceptance.  [Citations.]"  (*Id.* at pp. 442-443.)

Since 2001, defendant has taken the unyielding position that he did not touch either girl.  In the probation officer's report prepared at the time of defendant's plea, defendant denied doing anything wrong, even though he pled guilty.  In the January 2012 probation officer's court memorandum, the officer noted:  "At no point did the defendant accept responsibility or show remorse."  In defendant's 2012 interview with Dr. Suiter, defendant "denied he touched [the girl] in any manner or did anything sexual to her as he no interest in doing so."  He opined the girl accused him of touching her because "her mother had been 'screaming and yelling' at him that he had taken her into the bathroom."  Regarding the second incident that occurred one month later, defendant claimed that he was separating his "nieces" who were fighting, and "the pants of the girl in question were pulled down."  Again, defendant denied touching the girl in any manner or having any interest in touching her; however, he was unable to explain why the girl would have claimed that he had done so.  Defendant's own declaration from 2011 fails to acknowledge his actions.  Instead, defendant generally declares, "When I offended I was very young and immature . . . ."

Given defendant's firm denial of any wrongdoing, the trial court was faced with a petition for rehabilitation by what appeared to be an unrepentant criminal.  "The trial court would not have to be an adherent to either the rehabilitation-begins-with-acknowledging-guilt or pardon-implies-guilt schools of thought to entertain doubts about

7

how real or complete was the rehabilitation of one who insisted on his factual and legal innocence.  [Citations.]" (*Blocker*, *supra*, 190 Cal.App.4th at p. 445.)  The trial court therefore had a legitimate basis for concern as to whether defendant had been rehabilitated.  Thus, the court's decision did not exceed the bounds of reasons, and there was no abuse of discretion.  (*Ibid*.)

## III.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


HOLLENHORST
J.

We concur:


RAMIREZ
P.J.

MCKINSTER
J.