[No. A126229. First Dist., Div. Two. Nov. 23, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS RAY BLOCKER, Defendant and Appellant.

COUNSEL

Janice Wellborn, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Stan Helfman, Christopher J. Wei and Masha Dabiza, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RICHMAN, J.**—With certain exceptions, the Penal Code[1] authorizes a convicted felon to apply for a "certificate of rehabilitation." Carlos Ray Blocker would appear to be an ideal candidate for such a certificate except for one thing—he denies that there was any basis for convicting him in the first place. The decision whether to grant or deny such an application is entrusted to a trial court's discretion. The question presented is whether that discretion is abused with the denial of an applicant who adamantly insists on his innocence. Our answer is no, the trial court did not abuse its discretion.

## BACKGROUND

In May 1998, a jury found Blocker not guilty of the charge of raping his stepdaughter with a foreign object (§ 289, subd. (j)), but guilty of the lesser included charges of assault (§ 240) and battery (§ 242). The jury further found Blocker guilty of two counts of misdemeanor molestation of the stepdaughter (§ 647.6, subd. (a)(1)), requiring lifetime registry as a sex offender (§ 290, subd. (c)). A sentence of 18 months in the county jail was imposed but suspended, and Blocker was admitted to three years formal probation. This court affirmed the felony judgment of conviction. (*People v. Blocker* (Sept. 17, 1999, A083419) [nonpub. opn.].)

In April 2009, long after Blocker had successfully completed his term of probation, he filed a "Petition For Certificate Of Rehabilitation and Pardon."[2]

---

[1] Statutory references are to this code unless otherwise noted.

[2] Although there are various statutory references to a "certificate of rehabilitation and pardon" (§ 4852.01, subds. (a), (b), (c), 4852.21, subds. (a), (b)), the more commonly used term is "certificate of rehabilitation" (§ 4852.13, subd. (a) [the court order granting a petition "shall be known as a certificate of rehabilitation"]; see also §§ 4852.03, subds. (a)(4), (b), 4852.06, 4852.13, subds. (b), (c), 4852.14, 4852.16, 4852.17). Of course, the judicial order cannot constitute an actual pardon, for that is almost exclusively within the gift of the Governor. (See Cal. Const., art. V, § 8, subd. (a) [Governor's power of pardon subject only to situations where pardon of a twice-convicted felon requires concurrence of a majority of the

Blocker submitted a number of testimonials attesting to his satisfying the statutory criteria for postconviction conduct: "The person shall live an honest and upright life, shall conduct himself . . . with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land." (§ 4852.05.)

The prosecution opposed the petition, but on a very narrow ground. They informed the trial court: "It appears that petitioner meets the minimum statutory requirements and is otherwise eligible to apply for a certificate. Additionally, the People are mindful of the opinion of the former trial prosecutor and the . . . probation report . . . both of which are somewhat favorable. However, . . . [as] highlighted in the . . . probation report and throughout Inspector Hu's investigation, petitioner steadfastly refuses to accept responsibility for having committed the . . . offenses. Although he was found not guilty of the most serious offense, he was nevertheless convicted of two counts of misdemeanor child molestation as charged, and sentenced to eighteen months in county jail after trial. In light of those circumstances, we believe defendant's continued insistence on his innocence is, to say the least, troublesome. . . . [W]e conclude that the petition should be denied, with denial being premised on the idea that no rehabilitation (and certainly no pardon) can occur without accepting responsibility for committing the offense in the first place."

The trial court conducted a brief hearing on Blocker's petition. There was no disagreement that since his conviction Blocker has led a law-abiding and virtually blameless life. The court was not impressed with the argument that the jury's verdict was somehow a compromise decision that perhaps diluted its face value. The court explained to Blocker's counsel why the petition was being denied: "I think that everything you have said . . . is correct about life history before and after this event, but you need to understand that my assumption is that he is guilty of these offenses . . . . [¶] I am not second guessing a jury verdict, particularly not one where they had the opportunity to deliberate. I am not going to speculate on whether they compromised or whether some imperfection in our system arose . . . in a manner which was

Supreme Court]; § 4852.16 [parallel language].) If granted, the petition is deemed an application for a pardon and forwarded to the Governor (§ 4852.16) with the court's "recommend[ation] that the Governor grant a full pardon to the petitioner" (§ 4852.13, subd. (a)). In accordance with the judicial preference for the more precise term (see *People v. Ansell* (2001) 25 Cal.4th 868, 871–872 [108 Cal.Rptr.2d 145, 24 P.3d 1174]; *People v. Lockwood* (1998) 66 Cal.App.4th 222, 225 [77 Cal.Rptr.2d 769]), the object of Blocker's petition will be called a certificate of rehabilitation.

adverse to Mr. Blocker. [¶] . . . And . . . the appellate process further served to insure that due process was met in this case as to Mr. Blocker. [¶] So, my conclusion, my assumption today is that he is guilty of those . . . charges. The next step is . . . that he has steadfastly maintained his innocence. And I have concerns about granting a petition of rehabilitation, pardon, where he doesn't concede that the verdict is valid." The court stated that it agreed with the prosecution that granting the requested relief was inappropriate, given that Blocker "has never accepted responsibility for committing these offenses in the first place."

Defendant perfected this timely appeal from the minute order denying his petition.

### DISCUSSION

In 1998, this court held that a petition for certificate of rehabilitation is addressed to the trial court's discretion, and the exercise of that discretion will be overturned only for manifest abuse that results in a miscarriage of justice. (*People v. Lockwood, supra*, 66 Cal.App.4th 222, 226–227.) We also noted that recent amendments "reflected the Legislature's obvious intent to apply stricter standards to the application process, and to make it more difficult for ex-felons to receive . . . certificates of rehabilitation." (*Id.* at p. 226.) Three years later, our Supreme Court agreed that abuse of discretion was the appropriate standard of review, adding that "[t]he standards for determining whether rehabilitation has occurred are high" and that "there is no circumstance under which the statutory scheme requires or guarantees issuance of a certificate of rehabilitation . . . ." (*People v. Ansell, supra*, 25 Cal.4th 868, 887–888.)

Because "rehabilitation logically assumes guilt" (*State in Interest of A.L.* (App.Div. 1994) 271 N.J.Super. 192 [638 A.2d 814, 823]), numerous state and federal jurisdictions accept that "a court may properly consider a defendant's refusal to acknowledge guilt when evaluating the defendant's rehabilitation potential because acknowledgement of guilt is a critical first step towards rehabilitation." (*State v. Kellis* (Ct.App. 2010) 148 Idaho 812 [229 P.3d 1174, 1177]; accord, *McComb v. State* (2004) 32 Kan.App.2d 1037 [94 P.3d 715, 722] ["[t]he admission of guilt [is] a necessary step towards rehabilitation . . ."]; *State v. Greer* (La.Ct.App. 1990) 572 So.2d 1166, 1171; *State v. Warren* (1998) 125 Ohio App.3d 298 [708 N.E.2d 288, 295]; *State v. Tiernan* (R.I. 1994) 645 A.2d 482, 486; *State ex rel. Warren v. Schwarz* (1998) 219 Wis.2d 615 [579 N.W.2d 698, 715] ["admission of guilt is a necessary 'first step towards rehabilitation' of sex offenders . . ."]; *Drinkwater v. State* (1976) 73 Wis.2d 674 [245 N.W.2d 664, 668] ["recognition of guilt is the first step toward rehabilitation"]; *United States v. Derrick* (6th Cir. 1975) 519 F.2d 1, 4;

*Gollaher v. United States* (9th Cir. 1969) 419 F.2d 520, 530.) A natural corollary is that "A refusal to admit guilt may be relevant to the question of rehabilitation . . . ." (*In re Personal Restraint of Dyer* (2008) 164 Wn.2d 274 [189 P.3d 759, 773]; accord, *People v. Ripley* (1997) 291 Ill.App.3d 565 [226 Ill.Dec. 259, 685 N.E.2d 362, 366–367]; *State v. Bragg* (Iowa Ct.App. 1986) 388 N.W.2d 187, 192; *State v. Clegg* (S.D. 2001) 635 N.W.2d 578, 581; see *State v. Amidon* (2008) 185 Vt. 1 [967 A.2d 1126, 1137] ["a defendant may . . . [seek] to demonstrate his amenability to swift rehabilitation by owning up to his guilt and taking responsibility for his actions . . ."]; *State v. Wood* (Mo.Ct.App. 1984) 668 S.W.2d 172, 175 ["defendant's refusal to admit her guilt bodes ill for her rehabilitation"].)

" 'A pardon proceeds, not upon the theory of innocence, but implies guilt. If there was no guilt, . . . there would be no basis for pardon.' " (*Lyons v. Goldstein* (1943) 290 N.Y. 19 [47 N.E.2d 425, 430], quoting *Roberts v. State* (1899) 160 N.Y. 217 [54 N.E. 678, 679].) Guilt as the predicate for pardon is virtually a judicial truism, one commanding wide acceptance. (E.g., *People v. Biggs* (1937) 9 Cal.2d 508, 513 [71 P.2d 214]; *Slater v. Olson* (1941) 230 Iowa 1005 [299 N.W. 879, 883]; *State v. Stern* (1941) 210 Minn. 107 [297 N.W. 321, 323]; *Scott v. Raines* (Okla.Crim.App. 1962) 373 P.2d 267, 270; *Commonwealth v. Smith* (1936) 324 Pa. 73 [187 A. 387, 389]; *State v. Edelstein* (1927) 146 Wn. 221 [262 P. 622, 631]; *Perito v. County of Brooke* (2004) 215 W.Va. 178 [597 S.E.2d 311, 320]; see *Burdick v. United States* (1915) 236 U.S. 79, 94 [59 L.Ed. 476, 35 S.Ct. 267] ["a pardon . . . carries an imputation of guilt; acceptance a confession of it"]; *State v. Cullen* (1942) 114 Wn.2d 105 [27 P.2d 257, 259] [" 'The very act of forgiveness implies the commission of wrong . . . .' "]; Williston, *Does A Pardon Blot Out Guilt?* (1915) 28 Harv. L.Rev. 647, 648 ["Everybody knows that the word 'pardon' naturally connotes guilt as a matter of English."].)

No court has ever dissented from Chief Justice Marshall's statement that "A pardon is an act of grace . . . ." (*United States v. Wilson* (1833) 32 U.S. 150, 160 [8 L.Ed. 640]; see 59 Am.Jur.2d (2002) Pardons and Parole, § 11, p. 19; 67A C.J.S. (2002) Pardons and Parole, § 2, p. 5.) A pardon is an act of individual clemency, in the gift of the Governor, to which no person has an entitlement.[3] (See *Connecticut Board of Pardons v. Dumschat* (1981) 452 U.S. 458, 465 [69 L.Ed.2d 158, 101 S.Ct. 2460].)

---

[3] This statement is subject to three caveats. The first has already been noted—the Governor cannot pardon a twice convicted felon without the concurrence of a majority of the Supreme Court. (See fn. 2, *ante.*) The second caveat is that a single pardon can extend to a group but—and this is the third caveat—it can also take the form of a collective amnesty decreed by the Legislature. (See *Brown v. Walker* (1896) 161 U.S. 591, 601 [40 L.Ed. 819, 16 S.Ct. 644] [President's pardoning power "has never been held to take from Congress the power to pass acts of general amnesty"]; *Tetra Pak, Inc. v. State Bd. of Equalization* (1991) 234 Cal.App.3d

The question of whether to grant Blocker's petition was submitted for the trial court's discretion. The standard test for ascertaining an abuse of that discretion is whether the court's decision exceeded the bounds of reason. (E.g., *Richardson v. Superior Court* (2008) 43 Cal.4th 1040, 1048 [77 Cal.Rptr.3d 226, 183 P.3d 1199]; see *People v. Carmony* (2004) 33 Cal.4th 367, 377 [14 Cal.Rptr.3d 880, 92 P.3d 369] ["decision is so irrational or arbitrary that no reasonable person could agree with it"]; *People v. DeSantis* (1992) 2 Cal.4th 1198, 1226 [9 Cal.Rptr.2d 628, 831 P.2d 1210] ["falls outside the bounds of reason"]; *People v. Jacobs* (2007) 156 Cal.App.4th 728, 738 [67 Cal.Rptr.3d 615] [" 'no reasonable basis for the action' "].) We conclude the signposts of reason were not passed.

Blocker sees his situation as analogous to the convicted murderer seeking parole. As he sees it, just as parole cannot be conditioned on an admission of guilt (§ 5011; Cal. Code Regs., tit. 15, § 2236), requiring "a belated admission of guilt" is irrelevant to "the determination of rehabilitation." The situations are hardly comparable. Inmates convicted of murder have an expectation that they will be granted parole because the governing statute specifies that they must be granted parole unless either the Board of Parole Hearings or the Governor determines that they are unsuitable for parole. (See *In re Lawrence* (2008) 44 Cal.4th 1181, 1204 [82 Cal.Rptr.3d 169, 190 P.3d 535]; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 654 [125 Cal.Rptr. 2d 104, 59 P.3d 174].) However, as the preceding discussion establishes, there is no comparable expectation for a petitioner seeking a certificate of rehabilitation from a court. Unlike a state prison inmate, Blocker is not restrained of his liberty by force of law. (*People v. Ansell, supra*, 25 Cal.4th 868, 887–888.) And there is certainly no question here of the court conditioning a favorable decision on a coerced admission of guilt.

So, the trial court was considering a petition for rehabilitation by someone whom the court would be justified in viewing as an unrepentant criminal. Granted, and as the prosecutor conceded, Blocker satisfied all of the ostensible criteria for rehabilitation. But Blocker adamantly refused to admit that he was guilty and properly convicted as a sexual offender. This was not something brought up for the first time with Blocker's petition, but the

1751, 1756 [286 Cal.Rptr. 529] [describing a statutory tax amnesty as "a collective pardon"]; Weihofen, *Legislative Pardons* (1938–1939) 27 Cal. L.Rev. 371, 376, 378 ["The power of the executive to pardon is held to include the power to grant general pardons," but noting "the legislature can legally achieve the same effect as a general pardon before conviction by repealing the statute creating the offense without a saving clause, and that all prosecutions thereupon fall and all offenses not yet prosecuted are thereupon wiped out"]; Radin, *Legislative Pardons: Another View* (1938–1939) 27 Cal. L.Rev. 387, 397 [describing amnesty as a "general pardon" and concluding "The legislature has the undoubted power of granting amnesty for all guilty of named offenses"]; but see *Way v. Superior Court* (1977) 74 Cal.App.3d 165, 177 [141 Cal.Rptr. 383] ["only the Governor can grant general amnesty . . ."].)

unyielding position he had maintained since 1998. The trial court would not have to be an adherent to either the rehabilitation-begins-with-acknowledging-guilt or pardon-implies-guilt schools of thought to entertain doubts about how real or complete was the rehabilitation of one who insisted on his factual and legal innocence. (See *In re Personal Restraint of Dyer, supra,* 189 P.3d 759, 773; *State v. Wood, supra,* 668 S.W.2d 172, 175.)

This was not any crime, but one whose statistically significant odds of recidivism moved the Legislature to impose the lifetime registration require-ment of section 290 on the theory that "sex offenders pose a 'continuing threat to society' [citation] and require constant vigilance." (*Wright v. Superior Court* (1997) 15 Cal.4th 521, 527 [63 Cal.Rptr.2d 322, 936 P.2d 101] and decisions cited.)[4] Granting Blocker's petition would release him from that obligation. (§ 290.007; *Barrows v. Municipal Court* (1970) 1 Cal.3d 821, 826 [83 Cal.Rptr. 819, 464 P.2d 483].) This is a consequence that could naturally give a trial court pause.[5] So would the fact that, if it granted Blocker's petition, the court would be essentially making a personal representation to the Governor that Blocker was worthy of pardon.

■ The hurdles erected by the Legislature to obtain a certificate of rehabilitation are not intended to be easily surmounted. The trial courts are entrusted with the responsibility, in the exercise of a sound discretion, to ensure that the strict statutory standards for rehabilitation are maintained. (*People v. Ansell, supra,* 25 Cal.4th 868, 887–888; *People v. Lockwood, supra,* 66 Cal.App.4th 222, 226–227.) The trial court here had a genuine concern that Blocker's adamant refusal to admit any criminal culpability was a cloud on Blocker's claimed rehabilitation. Because we cannot conclude as a matter of law that the trial court's concern was not a legitimate consideration in the exercise of its discretion (see *State v. Kellis, supra,* 229 P.3d 1174, 1177; *State ex rel. Warren v. Schwarz, supra,* 579 N.W.2d 698, 715), we cannot conclude that in denying Blocker's petition the trial court exceeded the bounds of reason.

---

[4] This court found another manifestation of this attitude in the enactment of Evidence Code section 1108, making it easier to admit evidence of uncharged sexual offenses. We noted that one reason the Legislature had loosened the rules of admissibility was to combat the "repetitive nature" of sexual offenses. (*People v. Brown* (2000) 77 Cal.App.4th 1324, 1333 [92 Cal.Rptr.2d 433].)

[5] Although it was not cited as a basis for denying the petition, the trial court may have been pondering the provision that "No certificate of rehabilitation shall be granted to a person convicted of any offense specified in Section 290 if the court determines that the petitioner presents a continuing threat to minors of committing any of the offenses specified in Section 290." (§ 4852.13, subd. (b).)

## DISPOSITION

The order is affirmed.

Kline, P. J., and Haerle, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 2, 2011, S189516.