Filed 10/4/16  P. v. Sumners CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL ROBERT SUMNERS,<br><br>    Defendant and Appellant. | G051425<br><br>(Super. Ct. No. M16012)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Richard M. King, Judge.  Affirmed.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Barry Carlton, Deputy Attorney General, for Plaintiff and Respondent.

\*        \*        \*

Defendant Michael Robert Sumners appeals from the court's denial of his petition for a certificate of rehabilitation (Pen. Code, § 4852.01 et seq.)[1] with respect to his 2004 conviction for possessing child pornography (§ 311.11, subd. (a)). We affirm the order.

FACTS

*Defendant's 2014 Petition for Rehabilitation*[2]

On October 31, 2014, defendant petitioned for a certificate of rehabilitation. The petition stated (1) he had suffered a July 13, 2004 conviction for violating section 311.11, subdivision (a), for which he was placed on probation; (2) he served a jail sentence as a condition of probation and was released on August 31, 2004, and (3) he was granted relief under section 1203.4 on April 30, 2009.

Exhibit A to defendant's petition contained four letters of support, as well as defendant's June 2014 academic transcript reflecting his current enrollment at "OCC" in an Associate in Science heating and air conditioning program and his placement on the dean's list for the two most recent semesters.

Exhibit A also included defendant's California Department of Justice criminal history record, which reflects the following. Defendant's 1981 conviction for carrying a concealed weapon was dismissed pursuant to section 1203.4 in 1982. His 1985 conviction for misdemeanor trespassing was dismissed pursuant to section 1203.4 in 1986. Charges against him in 1993 for infliction of corporal injury on a spouse or

---

[1] All statutory references are to the Penal Code.

The court's denial of defendant's petition is appealable as an appeal from a postjudgment order. (§ 1237, subd. (b).)

[2] Previously, in 2012, defendant petitioned for a certificate of rehabilitation, which the court denied on the ground it was filed prematurely.

cohabitant were dismissed after he successfully completed diversion in 1995. In June 2002, he was detained for sex and oral copulation with a person under 16 years old and for lewd acts on a child, but released by the prosecutor. On February 2, 2003, he was arrested, detained, or cited for violating sections 311.1, 311.2, and 311.3, but his ultimate conviction, in July 2004, was for misdemeanor possession of obscene material depicting a minor in a sex act in violation of section 311.11, subdivision (a). He was sentenced to five years' probation and 60 days in jail. In April 2005, he was sentenced to 180 days in jail, ostensibly for a probation violation. On October 5, 2005, he was released early from probation.

*The People's Opposition to Defendant's 2014 Rehabilitation Petition*

The People's opposition to defendant's 2014 rehabilitation petition argued: "[T]he nature of [defendant's] criminal conduct is serious and requires that he register pursuant to [section] 290. While [he] has provided some letters of support, they do not really give the court much insight into the nature of his rehabilitation, specifically, the issues relating to the underlying offense."

The People's opposition revealed the following additional relevant details of defendant's criminal record (taken from the docket, police reports, and his California Department of Justice criminal history record). A February 2, 2003 report of the Orange Police Department stated defendant was arrested for possession of child pornography after police caught him with "five photographs depicting male and female juveniles posing in explicit sexual acts."[3]

A complaint filed in August 2003 charged defendant with misdemeanor violation of section 311.11, subdivision (a). In July 2004, he pleaded guilty. The court

---

[3] Defendant acknowledges that the police reports attached to the People's opposition constitute "the only portion of the record that contains facts regarding the commission of the underlying offense."

placed him on five years' formal probation, ordered him to serve 60 days in jail, and ordered him to register as a sex offender under section 290 (with the registration requirement to terminate upon his successful completion of probation).

In April 2005, the court found defendant had violated his probation terms, sentenced him to 180 days in jail, and imposed a lifetime registration requirement under section 290. In October 2005, his probation was terminated. In April 2009, the court, after finding defendant had complied with the terms of his probation, granted his petition for relief under section 1203.4 and dismissed the charge.

Prior to his 2004 conviction, defendant had been arrested in June 2002 by the police department of the University of California, Irvine for sex and oral copulation with a person under 16 years of age and for lewd acts upon a child. The February 2, 2003 report of the Orange Police Department stated that an officer at the police department of the University of California, Irvine "said there were allegations that [defendant] had sexual intercourse and oral copulation with a 15-year-old patient of the psychiatric ward."

A supplemental report of the Orange Police Department described an officer's discussions with public library employees concerning defendant's viewing of child pornography on a library computer on several occasions. The officer also spoke with defendant, who claimed it was his constitutional right to view adult material at the library. Defendant denied downloading child pornography, but stated a "pop up" may have appeared on the computer and, furthermore, that pictures of girls wearing cheerleading outfits may have given the false impression he was viewing child pornography.

*The Hearing and the Court's Ruling*

At the January 9, 2015 hearing on defendant's 2014 rehabilitation petition, both counsel discussed section 4852.13, subdivision (b). Under that statute, a court may *not* grant a certificate of rehabilitation to a person convicted of an offense specified in

4

section 290 if the court determines "the petitioner presents a continuing threat to minors of committing" an offense specified in section 290. (§ 4852.13, subd. (b).) Section 290, subdivision (c), specifies the sex offenses for which registration is required; in this opinion we refer to any such offense as a "registration-triggering sex offense." Possession of child pornography in violation of section 311.11 is a registration-triggering offense.

Defense counsel argued the People bore the burden of showing under section 4852.13 that defendant presented a continuing danger.

The People disagreed, arguing defendant bore the burden of establishing he qualified for a certificate of rehabilitation and that, although the letters he submitted did address certain aspects of his character, the letters did not address the "finding that the court has to make . . . ."

The court asked both counsel whether a certificate of rehabilitation would remove the requirement that defendant register as a sex offender. Both counsel (incorrectly) stated the certificate would *not* remove the registration requirement.[4]

After taking the matter under submission, the court determined, based on defendant's "age at the time of his offense, and because barely 10 years [had] elapsed since [his] offense," it was "unable to make the finding required by section 4852.13[, subdivision (b)]." In other words, the court was unable to find that defendant no longer presented "a threat to minors of reoffending." Accordingly, the court denied defendant's rehabilitation petition without prejudice.

---

[4] On appeal both parties acknowledge the opposite is true. Under section 290.5, possession of child pornography under section 311.11 is a sex offense for which a certificate of rehabilitation relieves the perpetrator "of any further duty to register under Section 290 if he or she is not in custody, on parole, or on probation." (§ 290.5, subd. (a)(1).)

DISCUSSION

*The court did not abuse its discretion by denying defendant's 2014 rehabilitation petition*

Defendant contends the court abused its discretion by denying his rehabilitation petition. He argues his petition set forth "facts showing [he] met all of the ostensible requirements for being granted the requested certificate . . . , the prosecution did not present any evidence to the contrary," and the court denied his petition based on his "age at the time of the offense and because 'barely 10 years' had passed since [his] offense." He notes that almost 12 years in fact passed between the commission of the offense and, apparently, his filing of the 2014 petition. He contends nothing in the record "would allow the court to conclude [he] presented a continuing threat to minors of committing" a registration-triggering sex offense. He points out "there is no statutory requirement that [he] obtain a psychological assessment or other tangible proof that he does not present such a threat." He "submits that his criminal history following his offense, as well as the letters supporting his petition, constitute sufficient evidence for a court to find that he no longer presents a threat to minors." He notes he has "tried to better himself by attending school with the goal of obtaining an associate degree in HVACR technology" and asserts the "letters submitted in support of [his] petition are strong indications of [his] rehabilitation." He argues the court "committed reversible error by denying the petition because the basis for its findings was not supported by law and the uncontroverted evidence allowed the court to make the requisite findings for granting a certificate of rehabilitation." He concludes the order denying his petition should be reversed, or alternatively, that the matter should be remanded to the trial court "with directions to the trial court to order the district attorney to conduct an investigation with regard to [defendant's] conduct during his rehabilitation period."

Section 4852.01 et seq. sets forth the procedure whereby certain felons and sex offender misdemeanants may petition for a certificate of rehabilitation (including a

6

recommendation for a full pardon by the governor (§ 4852.13, subd. (a)). A misdemeanant convicted of a registration-triggering sex offense, who subsequently obtains a section 1203.4 dismissal, may petition for a certificate of rehabilitation if he or she has not been incarcerated since such dismissal, is not on probation for a felony, and "presents satisfactory evidence of five years' residence in this state prior to the filing of the petition." (§ 4852.01, subd. (b).) If a person has lived "an honest and upright life, [acted] with sobriety and industry, [exhibited] a good moral character, and [conformed] to and obey[ed] the laws" (§ 4852.05), he or she may petition for a certificate of rehabilitation *after* both (1) the expiration of an applicable minimum rehabilitation period and (2) the termination of parole, probation, postrelease supervision, or mandatory supervision (§ 4852.06). The minimum period of rehabilitation for a person convicted of child pornography possession (§ 311.11) is 10 years. (§ 4852.03, subd. (a), (a)(2), (b).) "The period of rehabilitation commences upon the discharge of the petitioner from custody due to his or her completion of the term to which he or she was sentenced or upon his or her release on . . . probation, whichever is sooner." (§ 4852.03, subd. (a).)[5]

In determining whether to grant a petition for a certificate of rehabilitation, a court "may require testimony as it deems necessary, and the production . . . of all records and reports relating to the petitioner and the crime of which he or she was convicted." (§ 4852.1, subd. (a).) The court "*may* request from the district attorney an investigation of the residence of the petitioner, the criminal record of the petitioner as shown by the records of the Department of Justice, any representation made to the court by the applicant, the conduct of the petitioner during the period of rehabilitation, including [a peace officer's report under section 4852.11 of all known violations of law

---

[5] The People do not assert defendant's petition was filed prematurely. A certificate of rehabilitation granted pursuant to a premature petition is void. (§ 4852.03, subd. (b).)

7

committed by the petitioner], and any other information the court deems necessary in making its determination." (§ 4852.12, italics added.)

If, after a hearing, the court finds the petitioner's course of conduct shows he or she is rehabilitated and fit "to exercise all of the civil and political rights of citizenship, the court may make an order declaring that the petitioner has been rehabilitated, and recommending that the Governor grant a full pardon to the petitioner." (§ 4852.13, subd. (a).) This order is known as a certificate of rehabilitation. (*Ibid.*) But, if the court finds that a petitioner convicted of a registration-triggering sex offense "presents a continuing threat to minors of committing" a registration-triggering sex offense, the court may *not* — i.e., has no discretion to — grant the petitioner a certificate of rehabilitation. (§ 4852.13, subd. (b).)

"The standards for determining whether rehabilitation has occurred are high." (*People v. Ansell* (2001) 25 Cal.4th at p. 887.) Section 4852.13 "gives courts the express discretion to decide whether a petitioner has demonstrated to its satisfaction" the petitioner's rehabilitation and fitness. (*People v. Lockwood* (1998) 66 Cal.App.4th 222, 228.) "[T]here is no circumstance under which the statutory scheme requires or guarantees issuance of a certificate of rehabilitation by the superior court." (*Ansell*, at pp. 887-888.)

A court's denial of a petition for a certificate of rehabilitation is reviewed for an abuse of discretion. (*People v. Lockwood*, *supra*, 66 Cal.App.4th at p. 226.) The burden is on the complaining party (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331) to show that "the court's decision exceeded the bounds of reason" (*People v. Blocker* (2010) 190 Cal.App.4th 438, 444 (*Blocker*)).

Here, defendant essentially challenges the court's denial of his petition on the ground the court *could* have chosen to grant the petition based on the record before it. Courts, however, are accorded a broad discretion "to ensure that the strict statutory standards for rehabilitation are maintained." (*Blocker*, *supra*, 190 Cal.App.4th at p. 445.)

8

Whether defendant posed a continuing threat to minors of committing a registration-triggering sex offense was a question entrusted to the trial court for the protection of society and its children. At the hearing, the court asked whether defendant would remain subject to registration requirements if his petition were granted. As defendant acknowledges on appeal, under section 290.5, if the court had granted his petition, he would have been relieved of any further duty to register so long as he was not in custody, on parole, or on probation. The record before the court included police reports and defendant's Department of Justice criminal history report suggesting he had a sexual interest in children. The documents submitted by defendant in his exhibit A did not effectively address this concern. The four letters of support stated, variously, that his child pornography possession was "an uncharacteristic, isolated incident [that] will never be repeated" or "an isolated incident [that] is simply not his true nature"; that he is a "calm" and "non confrontational" person, who has been "continuously employed"; and that he is remorseful and regrets his poor judgment. Two letters stated that defendant's career goal, should he be relieved of his section 290 registration requirement, is to return to the medical field as a nurse. None of the letters address the question of why defendant possessed child pornography in February 2003 or what has changed in his circumstances or nature since then (other than that he is remorseful). His academic transcript showed he attended school. As stated by the Attorney General, these documents provide no assurance he "is not calmly and non-violently continuing to collect child pornography . . . in his spare time." Given this state of the evidence, the court could have ended the inquiry there. Instead, the court took the extra step of considering defendant's age and the number of years since his offense. In the end, the court determined defendant presented a continuing threat of reoffending.

"The hurdles erected by the Legislature to obtain a certificate of rehabilitation are not intended to be easily surmounted." (*Blocker*, *supra*, 190 Cal.App.4th at p. 445.) Although defendant is to be commended for his sustained

9

employment and continuing education, we cannot conclude that in denying his petition the trial court exceeded the bounds of reason.

## DISPOSITION

The postjudgment order is affirmed.


IKOLA, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.