Filed 10/15/14

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059392 |
| v. | (Super.Ct.No. BAF1300110) |
| MATTHEW JOHN GJERSVOLD, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Charles J. Koosed, Judge. Affirmed.

Steven L. Harmon, Public Defender, and Joseph J. Martinez, Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

On February 2, 2013, a first amended information charged defendant and appellant Matthew John Gjersvold with unauthorized entry onto prison grounds by an ex-convict[1] under Penal Code[2] section 4571. The information also alleged that defendant had served a prior prison term under section 667.5, subdivision (b).

On May 23, 2013, the jury found defendant guilty as charged. Thereafter, defendant admitted the truth of the prior prison term allegation.

On June 21, 2013, the trial court granted defendant five years probation on the condition that he serve 365 days in custody.

On August 12, 2013, defendant filed his notice of appeal. Defendant's sole contention on appeal is that the trial court improperly instructed the jury that a jail officer must give informed consent for an ex-convict's entry upon jail grounds to be authorized. For the reasons set forth below, we shall affirm the conviction.

# II

## STATEMENT OF FACTS

---

[1] On May 16, 2013, the parties stipulated that on December 2, 2010, defendant was convicted of possession of an assault weapon, a felony, in violation of Penal Code section 2280, subdivision (b), and possession of an illegal weapon, a felony, in violation of Penal Code section 12020; and that as a result of these convictions, he was sentenced to state prison.

[2] All statutory references are to the Penal Code unless otherwise specified.

On January 25, 2013 the Department of Consumer Affairs revoked defendant's private investigator license.

On February 2, 2013, defendant presented his revoked private investigator's license and his driver's license to Riverside County Sheriff's Deputy Brandon Collins to enter the Larry D. Smith Correctional Facility (LSCF). Defendant entered LSCF and presented himself as a private investigator; he stated he was there to interview inmate Jeffrey Merrill.

Defendant was taken to the visiting area and interviewed Merrill for approximately 30 minutes. Defendant did not ask for permission to go onto the grounds of LSCF before he entered. Defendant also failed to disclose that he was an ex-convict. Deputy Collins was not aware of defendant's ex-convict status before checking defendant in. Deputy Collins testified that, had he known defendant was an ex-convict, he would have notified one of his superiors at the jail.

At the LSCF Visiting Center entrance, a notice is posted that states that persons convicted of a felony are not authorized to visit without approval.

## III

## ANALYSIS

A. *The Trial Court Properly Instructed the Jury*

Defendant contends that the trial court erred in instructing the jury that a jail officer must give informed consent of an ex-convict's entry upon jail grounds to be authorized. He argues that the instruction denied him the affirmative defense of actual or apparent consent. We disagree. Because an officer must have actual knowledge of the

3

prior conviction in order to consent to an entry by an ex-convict, the trial court properly instructed the jury that informed consent is required.

1. *Standard of review*

"The independent or de novo standard of review is applicable in assessing whether instructions correctly state the law. (*People v. Berryman* (1993) 6 Cal.4th 1048, 1089, overruled on another point in *People v. Hill* (1998) 17 Cal.4th 800, 823, fn. 1) and also whether instructions effectively direct a finding adverse to a defendant by removing an issue from the jury's consideration (see *People v. Figueroa* (1986) 41 Cal.3d 714, 723-741; *People v. Leonard* (2000) 78 Cal.App.4th 776, 794)." (*People v. Posey* (2004) 32 Cal.4th 193, 218.)

Therefore, we shall conduct our analysis of whether the trial court properly instructed the jury under the de novo standard of review.

2. *Discussion*

Section 4571, entitled "Ex-convict coming upon prison or camp grounds or adjacent lands[,]" states: "Every person who, having been previously convicted of a felony and confined in any State prison in this State, without the consent of the warden or other officer in charge of any State prison . . . comes upon the grounds of any such institution, or lands belonging or adjacent thereto, is guilty of a felony."

In this case, during trial, defendant objected to including the term "informed consent" in the jury instruction at issue. The court overruled defendant's objection. It stated, "the jail can't give consent unless it's informed based upon the public policy that this law is talking about, otherwise the consent is futile."

4

The trial court instructed the jury that, in order to convict defendant of unauthorized entry onto jail grounds by an ex-convict, it had to find that defendant "did not have the informed consent of the Warden or other officer in charge of the jail facility" when he entered the grounds. The court further instructed the jury that section 4571 "does not require a former state prisoner to reveal his prison record to anyone but does prohibit his entry into a prison facility without the consent, based upon knowledge of the prior prison record, of the officer in charge of the facility."

Therefore, the issue in this case is whether the statute requires informed consent, as the trial court instructed.

The court's role in construing a statute is to ascertain the Legislature's intent and the purpose of the law. (*People v. Canty* (2004) 32 Cal.4th 1266, 1276; *Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063.) First, the court looks to the plain meaning of the statutory language. (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) If the meaning is not clear, the court may then look to the legislative history and public policy of the statute. (*Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1163.) The court should apply the rule of lenity, adopting the construction more favorable to the defendant, only if the statute's meaning remains unclear. (*People v. Boyd* (1979) 24 Cal.3d 285, 295.)

Section 4571 does not specify the type of consent required, and there are no reported cases defining the term "consent" for purposes of the statute. However, Attorney General's Opinion No. 80-112 provides that section 4571 requires that the officer in charge have knowledge of the prior conviction, i.e. *informed* consent. (63

5

Ops.Cal.Atty.Gen. 587 (1980).)  The opinion explains that the Legislature's intent in enacting section 4571 was to give the warden or other officer in charge the opportunity to exercise wide discretion when determining whether an individual who is an ex-convict may receive consent to enter upon jail grounds.  (*Id.* at p. 589.)  "It is difficult to conceive how an officer may have the intended control of the circumstances where he lacks knowledge of the most critical fact."  (*Id*. at p. 591.)  Moreover, the opinion explains, "in general the cases interpreting the term 'consent' in other contexts support the conclusion that an informed decision is required unless the circumstances clearly indicate otherwise."  (*Ibid.*)

Although Attorney General Opinions are not binding, they are afforded great weight by the courts as persuasive authority.  (*California Assn. of Psychology Providers v. Rank* (1990) 51 Cal.3d 1, 17.)  Moreover, the Legislature is presumed to be aware of the Attorney General Opinion's construction of the statute.  (*Ibid.*)  Because there have been no corrective measures adopted to change the opinion published by the Attorney General's Office, it is safe to presume that the Legislature intended for section 4571 to continue requiring actual knowledge of the ex-convict's prior conviction for the consent to be valid.  (*Ibid.*)

In this case, defendant contends that the term "consent" in section 4571 means nothing more than approval, and does not require the consenting officer's knowledge of the prior conviction.  Here, defendant contends that he had "consent of the jail official in charge at the visitor's window to enter the county jail grounds at the time of the visit at issue because his entry was approved."  However, as discussed above, section 4571 was

6

enacted to allow the warden or other officer in charge to consider the ex-convict's criminal history and to make an individualized determination whether the ex-convict's entry would affect the safety and order of the jail. (63 Ops. Cal.Atty.Gen. 587 (1980).) It would be impossible to do so without knowledge of the ex-convict's prior conviction. All individuals visiting a jail are required to present identification and may only enter after receiving consent. If apparent consent were all that was required when an ex-convict requests entry into a jail, there would be no need for a specific statute pertaining to ex-convicts.

Defendant next contends that the official at the visitor's window has a duty to run a computer check and access the criminal history of each individual seeking admission "due to the advent of the internet and modern computer systems." However, there is nothing in the statute mandating or imposing this duty. Moreover, there are generally about 300 visitors to LSCF on a typical day. It would be unreasonable to put the burden on the State to require the warden or other officer in charge to investigate the criminal history of each visiting individual. The burden is on the former prisoner to inform the official of his status. In this case, there was a notice posted indicating that persons convicted of a felony are not authorized to visit without approval. Defendant failed to comply and be forthcoming about his ex-felon status. In fact, as provided above, defendant deceived Deputy Collins by stating he was there to interview an inmate as a private investigator and presenting his revoked private investigator's license to gain entry.

Accordingly, we find that the trial court properly instructed the jury.

7

## IV

## DISPOSITION

The judgment is affirmed.

CERTIFIED FOR PUBLICATION

RICHLI
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

8