Filed 9/11/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

     Plaintiff and Appellant,

v.

GEORGE JOE FARANSO,

     Defendant and Respondent.

E061840

(Super.Ct.No. RIC1405747)

OPINION

APPEAL from the Superior Court of Riverside County. Edward D. Webster, Judge. (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed.

Paul E. Zellerbach and Michael A. Hestrin, District Attorneys, and Natalie M. Pitre, Deputy District Attorney, for Plaintiff and Appellant.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Respondent.

The People appeal from an order granting defendant, George Faranso, a certificate of rehabilitation respecting a sex crime committed in the State of Michigan for which defendant had been convicted under Michigan law, placed on probation, and ordered to

1

register as a sex offender.  On appeal, the People argue that the Superior Court of the State of California (a) lacked jurisdiction to issue a certificate of rehabilitation pertaining to a conviction from another state; (b) acted in excess of its authority by striking the words "and pardon" from the certificate of rehabilitation and pardon in recognition of the fact it could not issue a pardon; and (c) erred in granting the certificate of rehabilitation where defendant was statutorily ineligible for relief.  We reverse.

**BACKGROUND**

On June 1, 1995, defendant was convicted by a plea of guilty in the State of Michigan of two counts of criminal sexual conduct in the second degree, in violation of the Michigan Penal Code, section 750.520c(1)(b)(ii).  Defendant was placed on probation on condition that he serve one year in county jail, and register as a sex offender.  Defendant was discharged from probation on January 27, 1998.

In 2001, defendant relocated in California where he has resided continuously since then.  On June 6, 2014, defendant filed a Petition for Certificate of Rehabilitation and Pardon pursuant to sections 4852.01 and 4852.06.[1]  The People filed a report pursuant to section 4852.12, recommending denial of the petition.

On July 10, 2014, the trial court found defendant was rehabilitated.  The court recognized it could not grant the petition to pardon defendant because the conviction was from a different state, so it denied the petition to pardon and granted the certificate of rehabilitation.  The People appealed.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

**DISCUSSION**

On appeal, the People argue that the superior court lacked jurisdiction to order a certificate of rehabilitation respecting a Michigan conviction because only Michigan holds the authority to pardon persons convicted of crimes within its jurisdiction, and because defendant was statutorily ineligible for a certificate under California law due to the nature of his crimes which require registration as a sex offender.  We agree.

a.      *Standard of Review*

The grant or denial of a certificate of rehabilitation is generally reviewed for an abuse of discretion.  (*People v. Schoop* (2012) 212 Cal.App.4th 457, 476; see also, *People v. Camp* (2015) 233 Cal.App.4th 461, 467.)  However, the construction of a statute is purely a question of law and is subject to de novo review on appeal.  (*People v. Zeigler* (2012) 211 Cal.App.4th 638, 650.)  The question whether the trial court lacked jurisdiction to grant a certificate of rehabilitation is also a question of law subject to independent review on appeal.  (See *Zuniga v. Los Angeles County Civil Service Comm.* (2006) 137 Cal.App.4th 1255, 1260.)

b.      *Statutory Construction of Section 4852.01*

The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law.  (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.)  The first step is to examine the statutory language and give it a plain and commonsense meaning.  (*People v. Verduzco* (2012) 210 Cal.App.4th 1406, 1414.)  We do not examine the language in isolation, but consider it in the context of the

statutory framework as a whole in order to determine the purpose of the statute and harmonize various parts of the enactment. (*Id*. at p. 1414.) If the language is clear, we follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. (*Ibid.,* citing *Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.)

If the plain language of the statute does not resolve the inquiry, we may turn to maxims of construction, or consider other aids, including the statute's legislative history and the wider historical circumstances of its enactment, as well as the public policy underlying the law. (*Absher v. AutoZone* (2008) 164 Cal.App.4th 332, 340.) The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible. (*People v. Mohammed* (2008) 162 Cal.App.4th 920, 928.)

Section 4852.01 subdivision (a) permits any person convicted of a felony who has been released from a state prison or other state penal institution or agency in California, who has not been reincarcerated since his or her release and who presents satisfactory evidence of a three-year residence in this state immediately prior to the filing of the petition, to file a petition for rehabilitation and pardon. This section makes it appear that the relief was intended for persons who serve prison terms in California, pursuant to a California conviction.

4

Subdivision (c) of section 4582.01, provides that any person convicted of a felony or any person who is convicted of a misdemeanor violation of any sex offense specified in section 290, the accusatory pleading of which has been dismissed pursuant to section 1203.4, may file a petition for certificate of rehabilitation and pardon if the petitioner has not been incarcerated in any prison, jail, detention facility, or other penal institution since the dismissal of the accusatory pleading, is not on probation for the commission of any other felony, and presents satisfactory evidence of five years residence in this state prior to filing the petition. This subdivision does not indicate an intent to grant relief to persons convicted in other states who relocate in California, and does not refer to convictions under any other state's laws, only to sex offenses described in section 290.

Section 4852.01, subdivisions (d) and (e) make this chapter inapplicable to persons serving mandatory life parole, persons committed under death sentences, persons convicted of a violation of subdivision (c) of section 286, section 288, subdivision (c) of section 288a, section 288.5, or subdivision (j) of section 289, although the Governor has the right to grant a pardon.

A certificate of rehabilitation and pardon is a recommendation to the Governor to pardon a convicted felon and restore the civil and political rights of citizenship that had been removed or limited by the felony conviction. (§ 4852.13; *People v. Parker* (2006) 141 Cal.App.4th 1297, 1303.) The certificate is available to felons who have completed their sentences and an extended period of rehabilitation, and who have resided in California for a period of not less than five years immediately preceding the filing of the

5

petition.  (§§ 4852.01, subd. (c), 4852.03, 4852.06; *People v. Parker, supra,* 141 Cal.App.4th at p. 1303.)  A person convicted of an offense specified in section 290 may not file a petition for a certificate of rehabilitation unless the conviction has been dismissed under section 1203.4.  (§ 4852.01, subd. (c); *People v. Parker, supra,* at p. 1303.)

For certain civil disabilities, including mandatory lifetime registration as a sex offender, relief may be available based upon receipt of a certificate of rehabilitation, even where no pardon has been obtained.  (*People v. Schoop, supra,* 212 Cal.App.4th at pp. 457, 467, citing *People v. Ansell* (2001) 25 Cal.4th 868, 877 & fn. 17.)  However, persons convicted of certain sex crimes against children are ineligible for a certificate of rehabilitation.  (§ 4852.01, subd. (d); *People v. Ansell, supra,* 25 Cal.4th at pp. 877-878.)  Among the offenses which will render a defendant ineligible for relief are violations of section 286, subdivision (c); section 288; section 288a, subdivision (c); section 288.5, or section 289 subdivision (j), although the Governor has the right to pardon such individuals.  (§ 4852.01, subd. (d).)

(i)     *Lack of Jurisdiction*

The People argue that a superior court of the State of California lacks the authority to issue a certificate of rehabilitation to a person convicted of a crime in a sister state, a question not addressed in any previously published decision.  We agree.

"Penal laws . . . are those imposing punishment for an offense committed against the State, and which, by the English and American constitutions, the executive of the

6

State has the power to pardon." (*Huntington v. Attrill* (1892) 146 U.S. 657, 667.)

"'Crimes are in their nature local, and the jurisdiction of crimes is local.' [Citation.]" (*Id.* at p. 669.) Crimes and offenses against the laws of any State can only be defined, prosecuted and pardoned by the sovereign authority of that State . . . ." (*Ibid.*; see also, *Robertson v. Watson* (2010) 560 U.S. 272, 276.)

The courts of one sovereignty will not enforce the penal laws of another. (*Robertson v. Baldwin* (1897) 165 U.S. 275, 278 [arrest and prosecution of seamen in California for abandoning their ship in the State of Oregon in violation of federal law, was unauthorized].) Therefore, a defendant cannot be arrested and prosecuted in California for a crime committed in Oregon. (*Ibid.*) A state will entertain a criminal proceeding only to enforce its own criminal laws and will not assume authority to enforce the penal laws of other states or the federal government through criminal prosecutions in its state courts. (*People v. Betts* (2005) 34 Cal.4th 1039, 1046.)

Based on the Full Faith and Credit clause of the United States Constitution, a defendant may not seek a writ of habeas corpus in the lower federal court to conduct direct review on appeal from a state criminal conviction. (*Evans v. Thompson* (2008) 518 F.3d 1, 5.) A pardon granted by a state does not relieve a person from the disabilities of the same conviction under federal law. (*Yacavone v. Bolger* (1981) 645 F.2d 1028, 1035-1036; *United States v. Sutton* (1975) 521 F.2d 1385, 1389.) A dismissal of a criminal conviction upon the completion of a diversion program in another state does not preclude

courts of this state from using that conviction as a prior conviction under the Strikes law. (*People v. Laino* (2004) 32 Cal.4th 878, 888.)

The certificate of rehabilitation procedure offers a means of requesting a pardon in addition to the procedure for submission of pardon applications directly to the governor. (*People v. Ansell, supra,* 25 Cal.4th at p. 874.)  The rehabilitation scheme was enacted as an urgency measure during World War II to ease the administrative burden on the executive branch by allowing the superior court to investigate and recommend pardon applicants.  (*Id*. at pp. 874-875.)  The certificate of rehabilitation that is issued and transmitted by the trial court serves two functions:  First, it has the effect of recommending that the Governor grant a full pardon to the petitioner.  (§ 4852.13, subd. (a).)  Second, it constitutes an application for a full pardon upon receipt of which the Governor may, without any further investigation, issue a pardon to the person, unless that person has been convicted twice of a felony.  (§ 4852.16.)

Here, the trial court acknowledged that the governor lacked the power to pardon a defendant respecting another state's conviction, and determined it could only issue a certificate of rehabilitation.  The court was partially correct in concluding the governor lacked power to pardon defendant.

But it erred in assuming it could issue a certificate of rehabilitation, where there is nothing in section 4852.01 permitting a court to grant a limited certificate of rehabilitation, sans a recommendation for pardon.  The certificate of rehabilitation is an "additional, but not an exclusive" means of requesting a pardon.  (§ 4852.19.)  In other

8

words, a certificate of rehabilitation is an incidental, if not integral, step in obtaining a pardon. As such, if a defendant is ineligible for a pardon in California because his conviction was sustained in another state, in our view he is similarly ineligible for a certificate of rehabilitation in this state.

Moreover, reading the statute as a whole, subdivision (a) of section 4852.01 expressly applies to persons convicted of felonies who have been released from a state prison or other state penal institution or agency *in California.* This strongly suggests that the Legislature did not intend to issue certificates of rehabilitation to persons convicted of crimes in sister states, who later came to reside in California.

We are also guided by the principle that *inclusio unius est exclusio alterius* in noting that section 4852.01, subdivisions (c), (d), or (e), make no mention of the code sections for sex offenses committed in other states. Defendant was convicted under Michigan law of committing criminal sexual conduct in the second degree, against a person who is at least 13 years of age but less than 16. (MCL § 750.520c (1)(b).) Defendant was ordered to register as a sex offender under Michigan law.[2] (MCL § 28.725 (11).) Any order absolving the defendant of the registration requirement by a California court could not affect the Michigan court's order.

---

[2] At the hearing on the petition, defendant represented that he was not required to register in Michigan, only in California. This is not true. He was convicted of a crime requiring registration under Michigan law (MCL § 28.722(u)(x)), and was, in fact, ordered to register as a condition of his probation in the State of Michigan.

While we have not found any cases where a California resident has been granted or denied a certification of rehabilitation respecting a foreign conviction, in *People v. Parker, supra,* 141 Cal.App.4th 1297, the defendant was convicted in California but was a resident of Arizona when he made his application for the certificate of rehabilitation respecting two sex offenses involving a minor. (*Parker, supra,* 141 Cal.App.4th at p. 1303.) The defendant's petition for rehabilitation and pardon was denied because defendant did not fulfill the residency requirement. While there is no discussion whether the defendant could have petitioned for relief in the State of Arizona, the fact that the defendant applied for relief in the state of his conviction suggests that California had sole jurisdiction to issue a certificate of rehabilitation for a defendant who committed a crime within its borders.

We conclude that a California court lacks jurisdiction to issue a certificate of rehabilitation respecting a conviction from another state. We do not need to reach the People's alternative argument that the trial court acted in excess of its authority by striking out reference to the word "pardon" from the certificate of rehabilitation.[3] Insofar as a certificate of rehabilitation and pardon is a recommendation for a pardon transmitted

---

[3] The statute permits a superior court to consider a defendant's petition for a "Certificate of Rehabilitation and Pardon" but is silent as to whether a court has the authority to issue a "certificate of rehabilitation" alone, in recognition of the fact that the governor lacks jurisdiction to issue pardon for a foreign conviction. Because the legislative intent appears to have contemplated the judicial grant of a certificate of rehabilitation and pardon as incident to a defendant's petition for pardon, where the court and the district attorney perform the background investigations and make recommendations to the governor, and as an alternative to a petition made directly to the governor, the court's act of striking out "and pardon" was unauthorized.

to the Governor, if a pardon is de hors the trial court's jurisdiction, so also must the issuance of a certificate of rehabilitation vis-à-vis a foreign conviction.

### (ii) *Lack of Prerequisites for Relief*

The People argue that the defendant is statutorily ineligible for relief. We agree.

The hurdles erected by the Legislature to obtain a certificate of rehabilitation are not intended to be easily surmounted. (*People v. Blocker* (2010) 190 Cal.App.4th 438, 445.) The standards for determining whether rehabilitation has occurred are high. (§ 4852.05; *People v. Zeigler, supra,* 211 Cal.App.4th at pp. 653-654.) The Legislature intended to apply stricter standards to the application process, and to make it more difficult for ex-felons to receive and maintain certificates of rehabilitation. (*People v. Failla* (2006) 140 Cal.App.4th 1514, 1522.) Indeed, there is no guarantee of issuance of a certificate of rehabilitation by the superior court. (*People v. Ansell, supra,* 25 Cal.4th at pp. 887-888.)

For most California sexual offenses involving minors, a certificate of rehabilitation issued by the superior court is unavailable, although a direct petition for pardon may be made to the Governor, who has the right to pardon a person convicted of such an offense, if there are exceptional circumstances. (§ 4852.01, subds. (d) & (e).)

Even with a certificate of rehabilitation, a person convicted of certain enumerated sex offenses (the list of which includes section 288) is *not* relieved of the duty to register

11

unless and until the person has received a full pardon.**4**  (§ 290.5, subds. (a)(2) & (b)(1).) The offense of which defendant was convicted is not an offense enumerated in section 4852.01 because defendant was not convicted of a California crime, placing us—like the trial court— in the position of having to determine which, if any, of the provisions of section 4852.01 might apply.

The California offenses listed in section 4852.01 do not have a congruent counterpart under Michigan law, although defendant's conviction most closely resembles the crime defined by California Penal Code section 288, subdivision (a).  The crime of criminal sexual conduct in the second degree defined by Michigan Compiled Laws section 750.520c(1)(b) is defined as sexual contact with another person who is at least 13 but less than 16 years of age, where the actor is related by blood to the victim.  The punishment for this offense in the State of Michigan is punishable by a term of imprisonment for not more than 15 years.  (MCL § 750.520c (2)(a).)

The closest statutory parallel under California law, section 288, subdivision (a), involves lewd acts upon a child under the age of 14, punishable by a term of three, six, or eight years in prison, and for which a defendant is ineligible for a certificate of rehabilitation.  (§§ 288, subd. (a); 4852.01, subd. (d).)  However, defendant was *not* convicted of a violation of section 286, 288, section 288a, subdivision (c), 288.5, or 289

---

**4**  A person who has been convicted of violating section 288 or 288.5, granted probation, complied with section 290 for 10 years, and obtained a certificate of rehabilitation, may be relieved of the duty to register, but only if the petition was granted *prior to January 1, 1998.*  (§ 290.5, subd. (b)(3).)

12

of the California Penal Code. Because his crime was not specified in section 290, section 4852.01 does not apply to him.

Even if we could consider defendant's conviction as the equivalent of section 288, subdivision (c), section 4852.01, by its express terms, does *not* apply to persons serving mandatory life parole, or sentenced to death, or convicted of certain enumerated sex offenses, including a violation of section 288, absent a dismissal pursuant to section 1203.4, although the Governor has the right to pardon such individuals. (§ 4852.01, subds. (d) & (e).)

Here, defendant did not (and could not) obtain a dismissal of the Michigan charges pursuant to section 1203.4, so he has not satisfied that statutory prerequisite applicable to persons convicted of sex offenses who are eligible to seek a certificate of rehabilitation under section 4852.01, subdivision (c). Section 1203.4 permits a defendant to withdraw his plea, or the court to set aside a guilty verdict, and dismiss the accusatory pleading if the defendant has fulfilled all the conditions of his probation without reoffending. That did not (and could not) occur in this case, so defendant did not satisfy the criteria for a certificate of rehabilitation.

Because defendant's conviction related to a sex offense involving a minor, defendant's Michigan conviction precluded him from consideration for a certificate of rehabilitation pursuant to section 4852.01, subdivision (d), because defendant did not satisfy the statutory criterion of having first obtained a dismissal of the accusatory pleading pursuant to section 1203.4.

13

Lacking a dismissal of his charges pursuant to section 1203.4, and having committed a sexual offense against a minor, the provisions of section 4852.02 did not apply to defendant. It was an abuse of discretion to issue the certificate of rehabilitation for defendant where he did not meet the statutory criteria.

## DISPOSITION

The judgment is reversed.

CERTIFIED FOR PUBLICATION

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

CODRINGTON
J.