Filed 5/25/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H043613 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 215071) |
| v. | |
| TIMOTHY J. MILLER, | |
| Defendant and Appellant. | |

Defendant Timothy J. Miller appeals from an order denying his petition for a certificate of rehabilitation and pardon under Penal Code section 4852.01 et seq. As we will explain, the trial court properly denied the petition because Miller did not reside in California when he filed it. Penal Code section 4852.06 prohibits such a petition unless the petitioner has resided in California for the five-year period immediately preceding the date of filing.

## I.  BACKGROUND

### A. CERTIFICATES OF REHABILITATION

A person convicted of a felony permanently loses certain rights and privileges under California law. Among other restrictions, convicted felons are not allowed to possess a firearm (Pen. Code, §29800, subd. (a)(1)), are disqualified from serving on a jury (Code Civ. Proc., § 203, subd. (a)(5)), and are prohibited from holding certain jobs (see, e.g., Gov. Code § 1029 [ineligibility for employment as a peace officer]). But a felon can have full rights and privileges restored by obtaining a pardon from the Governor. (Cal. Const., art. V, § 8; Pen. Code, § 4800 et seq.; *Way v. Superior Court*

(1977) 74 Cal.App.3d 165, 176, fn. 12 [a pardon granted after conviction removes all penalties and disabilities and restores civil rights].)

"During World War II, the Governor's office was inundated with pardon applications received from ex-felons who were otherwise barred from serving in the military and working in defense industries." (*People v. Ansell* (2001) 25 Cal.4th 868, 874.) So in 1943 the Legislature enacted Penal Code section 4852.01 et seq., which created a procedure for persons convicted of a felony to petition the court for a "certificate of rehabilitation." (Stats. 1943, ch. 400, § 1, p. 1922, eff. May 13, 1943.) Under that procedure, a felon who has been released from incarceration and demonstrated good conduct for a specified period[1] can apply to the superior court for a certificate of rehabilitation. (Pen. Code, § 4852.01. Unspecified statutory references are to this code.) If the court finds a petitioner meets the statutory requirements, it may issue a certificate of rehabilitation. The certificate is sent to the Governor as an application and recommendation for a pardon, which the Governor is authorized to grant without further investigation. (§§ 4852.13, 4852.16.)

### 1. Penal Code Section 4852.01

This appeal arises from a felony case in which probation was granted and a county jail term imposed. It requires us to interpret two sections of the certificate of rehabilitation statutory scheme: 4852.01 and 4852.06. In 1955, section 4852.01 was amended to exclude from those allowed to file a petition "persons who have served time in county jails only." (Stats. 1955, ch. 708, § 1, p. 1198, eff. September 7, 1955.) But in 1976, the Legislature deleted the county jail exclusion and extended eligibility to felons who were granted probation and whose charges were later dismissed under

---

[1] The original version of the statute provided that the duration of the rehabilitation period was to be determined by the Judicial Council. The modern version specifies the duration: five years' residence within the state, plus an additional two to five years, depending on the nature of the underlying crime. (Pen. Code, § 4852.03.)

section 1203.4 (the statute which allows dismissal of a charge after successful completion of probation). (Stats. 1976, ch. 434, § 2, p. 1111, eff. July 10, 1976.)

The current version of section 4852.01 retains eligibility for felons granted probation, provided their charges were dismissed under section 1203.4 and they have five years of residence in California: "A person convicted of a felony … the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a certificate of rehabilitation and pardon pursuant to the provisions of this chapter if the petitioner has not been incarcerated in a prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading, is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years' residence in this state prior to the filing of the petition." (§ 4852.01, subd. (b).)

## 2. Penal Code Section 4852.06

Additional requirements for obtaining a certificate of rehabilitation are contained in section 4852.06, including the one at issue here—that a petition can only be filed if the petitioner has resided in the state, after leaving prison or jail, for the five years immediately preceding the filing of the petition: "After the expiration of the minimum period of rehabilitation applicable to him or her and after the termination of parole, probation, postrelease supervision, or mandatory supervision, a person who has complied with the requirements of Section 4852.05 [requiring good conduct] may file in the superior court of the county in which he or she then resides a petition for ascertainment and declaration of the fact of his or her rehabilitation and of matters incident thereto, and for a certificate of rehabilitation under this chapter. A petition shall not be filed until and unless the petitioner has continuously resided in this state, after leaving prison or jail, for a period of not less than five years immediately preceding the date of filing the petition."

In 1955 (when persons who had been incarcerated in county jails were excluded from relief), section 4852.06 did not reference probation, only parole. As part of the

3

1976 amendments extending eligibility to non-prison cases, the statute was changed to provide that a petition could be filed "in the case of persons released upon parole *or probation*, after the termination of parole *or probation*." (Stats. 1976, ch. 434, § 4, p. 1112, eff. July 10, 1976 (italics added).) And in 2015, section 4852.06 was again amended, to add the words "or jail," making the "immediately preceding" residency requirement applicable to persons "leaving prison or jail." (Stats. 2015, c. 378 (A.B.1156), § 9, p. 3463, eff. Jan. 1, 2016.)

### B. UNDERLYING FACTS

In 1987, Miller was convicted in Santa Clara County of transportation or sale of marijuana (Health & Saf. Code, § 11360, subd. (a)), a felony. He was placed on probation for two years and ordered to serve 60 days in county jail. By the end of 1989, he had successfully completed probation. Ten years later, Miller moved from California to Montana, where he remained. In 2008, he applied for and was granted relief under section 1203.4, resulting in dismissal of the felony charge. Post-conviction dismissal of a charge under section 1203.4 does not, however, completely restore a felon's civil rights in the way that a pardon does. (§ 1203.4, subds. (a)(2) and (a)(3).)

In October 2015, while living in Montana, Miller petitioned the Santa Clara County Superior Court for a certificate of rehabilitation and pardon. After a hearing in March 2016, the trial court denied the petition by written order, reasoning that since Miller lived out of state, he did not meet the requirement of section 4852.06 that he reside in California for a five-year period immediately preceding the filing of the petition.

## II. DISCUSSION

Miller contends the trial court erred because as a felon who was granted probation and not sentenced to prison, he is not subject to the requirement of section 4852.06 that he live in the state for five years immediately preceding the filing of his petition. He bases his argument on the version of section 4852.06 in effect at the time he filed his

4

petition in October 2015, which described the minimum period that must immediately precede the filing of a petition as commencing after a petitioner leaves "prison."

Miller alternatively argues that even under the amended version of the statute in effect at the time the trial court acted on his petition in 2016 (which extended the immediately preceding requirement to a petitioner leaving either prison *or* jail), he is still eligible for relief because the Legislature did not intend for the "immediately preceding" requirement to apply to probationers, but rather to felons sentenced to jail in lieu of prison under the Criminal Justice Realignment Act of 2011 (§ 1170(h)) (Realignment Act).

## A. STANDARD OF REVIEW

As the underlying facts are undisputed and the appeal turns on the meaning of a statute, we review de novo the order denying Miller's petition. (*People v. Faranso* (2015) 240 Cal.App.4th 456, 461.) We interpret the statute using our independent judgment, without deference to the trial court's ruling or reasoning. (*Union Bank of California v. Superior Court* (2004) 115 Cal.App.4th 484, 488.)

## B. THE CURRENT VERSION OF THE STATUTE MUST BE APPLIED

Miller seeks to avoid application of the current version of section 4852.06 (effective January 1, 2016), because it provides that "[a] petition shall not be filed until and unless the petitioner has continuously resided in this state, after leaving prison or jail, for a period of not less than five years immediately preceding the date of filing the petition." That requirement would bar him from relief given his Montana residency. He looks instead to the version of the statute in effect at the time he filed his petition in October 2015, which imposed the five-year residency period immediately preceding a petition on petitioners leaving prison, lending support to Miller's argument that the requirement does not apply to non-prison cases.

Miller cites no authority for the application of a previous version of the statute. We acknowledge that no part of the Penal Code is retroactive unless expressly so

5

declared.  (§ 3.)  But a law is said to operate retrospectively only when it "defines past conduct as a crime, increases the punishment for such conduct, or eliminates a defense to a criminal charge based on such conduct."  (*Tapia v. Superior Court* (1991) 53 Cal.3d 282, 288.)  A law governing procedure to be followed in the future still operates prospectively, even when it relates to facts existing before its enactment.  (*Ibid.*)  The California Supreme Court has therefore held that an amendment to the statutory procedure for obtaining a certificate of rehabilitation is not "retroactive," even when the amendment results in a previously eligible defendant being barred from relief.  (*People v. Ansel*, *supra*, 25 Cal.4th at p. 885.)

The 2015 amendment to section 4852.06 changes the eligibility requirements for a certificate of rehabilitation by applying the five-year immediately preceding residential requirement to persons released from either "prison or jail."  Even applied to past facts, such as Miller's decades-old conviction and residence history, the amendment is a procedural change operating prospectively.  Its description of the category of persons eligible to bring a petition applies to all proceedings occurring after its enactment— including the petition in this case because it was still pending on the effective date of the amendment.  We will therefore apply the current version of section 4852.06.[2]

## C. THE PETITION IS BARRED BY SECTION 4852.06

Defendant argues that the requirements in section 4852.06 do not apply to him because he was granted probation and not sentenced to prison.  Well-settled principles govern our review.  " ' "Our primary task in interpreting a statute is to determine the Legislature's intent, giving effect to the law's purpose.  [Citation.]  We consider first the words of a statute, as the most reliable indicator of legislative intent." ' "  (*Thompson v.*

---

[2] We note that the trial court appears to have applied the version of the statute that was in effect at the time Miller filed his petition.  Since our review is de novo we are unconcerned with the trial court's reasoning, and its application of the earlier version of the statute is of no consequence to our decision.

*Ioane* (2017) 11 Cal.App.5th 1180, 1199.) When examining the words of the statute, we give them a plain and commonsense meaning. (*People v. Scott* (2014) 58 Cal.4th 1415, 1421.)

The statutory language at issue here provides: "A petition shall not be filed until and unless the petitioner has continuously resided in this state, after leaving prison or jail, for a period of not less than five years immediately preceding the date of filing the petition." (§ 4852.06.) The word "immediately" means "without interval of time." (Webster's 3d New Internat. Dict. (1993) p. 1198.) Under the plain meaning of section 4852.06, there can be no interval of time between the minimum five years' residency in California following release from incarceration, and the filing of a petition for a certificate of rehabilitation. There was an interval of time—over fifteen years—between when Miller lived in California following his incarceration and when he filed the petition. He is therefore barred from relief by section 4852.06.

In Miller's view, his case is governed solely by section 4852.01, subdivision (b). He sees that provision as sufficient to qualify him for a certificate of rehabilitation, because it applies to felons whose accusatory pleading has been dismissed under section 1203.4 (as his was), and it does not contain the "immediately preceding" residency requirement. Miller is correct that nothing in section 4852.01, subdivision (b) makes him ineligible for a certificate of rehabilitation. But a number of eligibility requirements are found outside section 4852.01. (*People v. Ansell*, *supra*, 25 Cal.4th at p. 875 ["Several provisions make clear that a person is 'ineligible to ... petition for a certificate of rehabilitation' (§ 4852.03, subd. (b)), and that no such petition 'shall be filed' (§ 4852.06), unless and until the foregoing requirements are met. (See § 4852.01, subds. (a)–(c).)'"].) The requirement that renders Miller ineligible is found only in section 4852.06. Miller's position that we must read section 4852.01, subdivision (b) in isolation, while ignoring section 4852.06, is at odds with our task of statutory interpretation. (See *Riverside County Sheriff's Dept. v. Stiglitz* (2014) 60 Cal.4th 624,

632 ["[W]e consider the language of the entire scheme and related statutes, harmonizing the terms when possible."].)  Indeed, section 4852.01, subdivision (b) expressly provides that it is to be read in conjunction with the other sections contained in that chapter of the Penal Code:  "A person convicted of a felony … the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon *pursuant to the provisions of this chapter … .*" (Italics added).

Miller urges that the Legislature did not intend the "immediately preceding" requirement of section 4852.06 to apply to persons who were incarcerated in county jail—despite the amended language now referencing both prison and jail—because the words "or jail" were added only to conform the statute with the changes in law effected by the Realignment Act [requiring that sentences for certain felonies be served in county jail, rather than state prison]).  Since he was not sentenced under the Realignment Act, he argues that section 4852.06 does not apply to him.  In support of that argument, he cites legislative history materials for the amendment to section 4852.06.  But when the plain meaning of a statute is clear, as it is in this case, we are not at liberty to consider extrinsic aids such as legislative history to ascertain the intent of the Legislature.  (*Soil v. Superior Court* (1997) 55 Cal.App.4th 872, 875.)  We may do so only when the language is ambiguous.  (*Ibid.*)  Miller does not claim that the language imposing the "immediately preceding" requirement is ambiguous, and we do not believe it is.

Even if we were to consider legislative history in this situation, we would still not disregard the language of the statute itself—the most reliable indicator of what the Legislature intended—by writing the words "or jail" out of it, as Miller's interpretation would require us to do.  We find no indication that applying section 4852.06 to a felon who was granted probation offends the purpose of the statutory scheme; rather, it is entirely consistent with it.  The first sentence in section 4852.06 (as amended in 1976 when the Legislature extended eligibility to non-prison cases) specifically references probation:  "After the expiration of the minimum period of rehabilitation applicable to

8

him or her and after the termination of parole, *probation*, postrelease supervision, or mandatory supervision … ." (Italics added).  The reference to probation precludes the possibility that the Legislature intended the requirements of that section to apply only to persons incarcerated in prison or those sentenced under the Realignment Act, as probationers do not fall within either category.  Further, to the extent we were to consider extrinsic sources, our interpretation is supported by an Attorney General opinion rendered shortly after the certificate of rehabilitation statutes first went into effect.  As noted by the trial court in its order, in August 1943 the Attorney General opined that "applicants residing out of the state, who otherwise would be eligible, cannot invoke the benefits of the Act."  (2 Ops.Cal.Atty.Gen. 98, 101 (1943).)  The Legislature is presumed to be aware of the Attorney General's construction of a statute, and when no corrective measures are taken to adopt changes addressing that construction, it is likely it intended the statute to be interpreted in the manner described in the Attorney General's opinion.  (*People v. Gjersvold* (2014) 230 Cal.App.4th 746, 751.)  The Legislature has been aware for over seventy years that, in the Attorney General's view, the certificate of rehabilitation statutes require a person to live in California at the time of filing a petition.  It has never made any changes to correct that interpretation, or to state that the requirement does not extend to probation cases.

In arguing he is not subject to section 4852.06, Miller relies on *People v. Jones* (1985) 176 Cal.App.3d 120, 130–131, a case that examined a certificate of rehabilitation eligibility condition not at issue here:  the requirement under what is now section 4852.01, subdivision (b) that probationers whose charges were dismissed under section 1203.4 may file a petition only if they have since remained free of incarceration.  That requirement applies to probationers only; no such requirement is found in the statutory scheme for a person sentenced to prison.  Confronting an equal protection challenge, *Jones* held that the two relevant groups—felons who were granted probation and obtained section 1203.4 relief, on the one hand, and those sentenced to prison, on the

9

other—are not similarly situated, and there is a rational basis for the statute's different treatment of them.[3]  Miller argues the distinction between the two groups that was recognized in *Jones* supports his view that section 4852.01, subdivision (b) contains the eligibility conditions for probationers, whereas section 4852.06 applies only to prison cases.  Miller's conclusion does not follow from his premise.  Simply because the Legislature imposed an additional eligibility requirement for probationers in section 4852.01, subdivision (b), does not mean that the "immediately preceding" residency requirement in section 4852.06 does *not* apply to probationers.  To the contrary, the plain meaning of the language in section 4852.06 indicates it applies to both probation and prison cases.

Miller also argues that it would be reasonable for the Legislature to exclude from the residency requirement probationers who obtained relief under section 1203.4.  He points out that those former probationers have already undergone the application process for a section 1203.4 dismissal, a procedure involving at least some investigation into the petitioner's background and recent conduct, so it is logical the requirements for later obtaining a certificate of rehabilitation should be less stringent for them.  But while that might be a reasonable policy choice for the Legislature to have made, it is not reflected in the statute.  Reading the statutory scheme as a whole leads to the conclusion that in order to obtain a certificate of rehabilitation, a probationer must, among other things, have received a dismissal under section 1203.4 (see section 4852.01) and have resided in California for five years immediately preceding the petition (see section 4852.06).

We note that though we have applied the current version of section 4852.06, the result would likely be no different under the previous version.  We must view the

_____

[3] The California Supreme Court recently decided *People v. Chatman* (2018) 4 Cal.5th 277, 290 which assumed without deciding that, contrary to the conclusion reached in *Jones*, the two groups *are* similarly situated.  Like *Jones*, though, the Supreme Court found a rational basis for distinguishing between the two groups and therefore no equal protection violation.

statutory scheme as a whole and harmonize all its provisions with the goal of achieving the Legislature's intent. (*Riverside County Sheriff's Department v. Stiglitz*, *supra*, 60 Cal.4th at p. 632.) Viewing the statutory language in context, it does not appear that the Legislature intended to exclude probationers from the "immediately preceding" residency requirement of section 4852.06, even before the words "or jail" were added in 2015. For many years, the certificate of rehabilitation procedure completely excluded those, like Miller, who served time only in jail. It was not until 1976 that the relief was extended to felons who were granted probation and obtained dismissal under section 1203.4. (Stats. 1976, ch. 434, § 2, p. 1111, eff. July 10, 1976.) When eligibility was extended to probationers by amending section 4852.01, language was simultaneously added to section 4852.06 to reflect the additional category of eligible felons. (Stats. 1976, ch. 434, § 4, p. 1112, eff. July 10, 1976 [amending section 4852.06 to add the language in bold type: "[A]fter the expiration of the minimum period of rehabilitation applicable to him (and, in the case of persons released upon parole *or probation*, after the termination of parole *or probation*)… ." (Italics added.)].) Given the correlation of those amendments, a plausible explanation for not concurrently updating the language of the "immediately preceding" clause to refer to those released from jail as well as prison is simply legislative oversight. Regardless, the question of whether the previous version of section 4852.06 would have applied to a case where a petitioner was incarcerated in county jail is an academic one, because the current version contains language clearly making it applicable to both prison and jail cases.

Miller alternatively contends that even if it applies to him, section 4852.06 does not set forth mandatory conditions for the filing of a petition, but rather is merely a permissive venue statute. He relies on language providing that "a person who has complied with the [good conduct] requirements of Section 4852.05 may file in the superior court of the county in which he or she then resides a petition … for a certificate of rehabilitation under this chapter." He posits that since the statute says a person *may*

11

file a petition in his or her county of residence, its purpose is only to provide an additional venue option for the filing of a petition. Miller is correct that the language of the statute is permissive—but that is simply because a person who meets the described criteria is never *required* to seek a certificate of rehabilitation; he or she *may* elect to do so. Once a person does proceed with filing a petition, the conditions in section 4852.06 are mandatory, including the venue provision requiring filing in the county of residence. (See *People v. Ansell*, *supra*, 25 Cal.4th at p. 875 ["Proceedings begin when a qualified person petitions for a certificate of rehabilitation in the superior court of the county in which he lives."].)

There is nothing inherently problematic about precluding out of state residents from obtaining a certificate of rehabilitation. Although the right to travel recognized under the United States Constitution obligates a state to treat temporary visitors without discrimination, that "do[es] not impose a reverse obligation on a state to continue to care for its former residents." (*People v. Parker* (2006) 141 Cal.App.4th 1297, 1307.) Further, it is permissible for California to "require a significant attachment to the state as a condition of obtaining substantive relief in its courts." (*Id.* at p. 1309.) And conditioning the ability to petition for a certificate of rehabilitation on California residency is not unreasonable: the trial court's fact-finding mission when deciding whether to grant relief includes determining if the petitioner has complied with the requirements of living "an honest and upright life," and exhibiting "good moral character." (§ 4852.05.) Ascertaining the facts relevant to that determination is potentially more difficult if a petitioner lives out of state. (See § 4852.12 [empowering the court to ask the district attorney to investigate "the residence of the petitioner, the criminal record of the petitioner as shown by the records of the Department of Justice, any representation made to the court by the applicant, the conduct of the petitioner during the period of rehabilitation, … and any other information the court deems necessary in making its determination."].)

Miller urges that it is unjust to deny his petition because he has demonstrated exemplary reform and proven himself worthy of the rewards that accompany a pardon. But the certificate of rehabilitation procedure that he is ineligible to pursue under the current circumstances is but one method of obtaining a gubernatorial pardon, so his out of state residency does not necessarily prevent him from being pardoned. A direct application to the Governor, for instance, involves no residency requirements. We do not express an opinion on Miller's eligibility to seek a pardon by any other available method, as that question is not before us. We hold only that his out of state residency disqualifies him from seeking a pardon by way of the certificate of rehabilitation procedure described in Penal Code section 4852.01 et seq.

### III. DISPOSITION

The order denying the petition for a certificate of rehabilitation is affirmed.

_____

Grover, J.

**WE CONCUR:**

_____

Premo, Acting P. J.

_____

Mihara, J.

H043613 - *People v. Miller*

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court, Case No.: 215071 |
| Trial Judge: | Hon. David A. Cena |
| Attorneys for Plaintiff/Respondent: The People | Xavier Becerra<br>  Attorney General of California<br>Gerald A. Engler<br>  Chief Assistant Attorney General<br>Jeffrey M. Laurence<br>  Senior Assistant Attorney General<br>Catherine A. Rivlin<br>  Supervising Deputy Attorney General<br>Bruce M. Slavin<br>  Deputy Attorney General |
| Attorneys for Defendant/Appellant: Timothy J. Miller | Steve M. Defilippis<br>  Picone & Defilippis |