Filed 12/20/23  P. v. Walton CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C097696 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE011065) |
| v. | |
| GREGORY WAYNE WALTON II, | |
| Defendant and Appellant. | |

A certificate of rehabilitation and pardon is available to certain felons who have successfully completed their sentences and have undergone an additional period of rehabilitation.  (Pen. Code, §§ 4852.01 et seq.; all further section references are to the Penal Code.)  Here, defendant Gregory Wayne Walton II was convicted of human trafficking, an offense requiring registration as a sex offender.  (§ 236.1, subd. (b); § 290, subd. (c)(1).)  Just over five years later, he filed a petition for a certificate of rehabilitation.  The trial court denied the petition because defendant was subject to a 10-year rehabilitation period that had not yet elapsed.  The trial court also rejected defendant's assertion that he qualified for relief from the sex offender registration

1

requirement. Defendant argues the trial court erred. We affirm because we conclude the trial court correctly applied the relevant statutes.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant pled no contest to human trafficking (§ 36.1, subd. (b)) on March 13, 2017, and was sentenced to three years probation on the same day. He completed probation on March 13, 2020. Three months later, he got a dismissal of his conviction pursuant to section 1203.4.

A little over five years after he was sentenced, defendant filed a petition for certificate of rehabilitation and pardon. The prosecutor asked the court to drop the petition as premature. In attempting to counter the prosecutor's request, defendant said he was going to request relief from sex offender registration.

The trial court denied defendant's petition as premature and noted defendant's ineligibility to have his registration requirement terminated. Defendant timely appealed.

## DISCUSSION

Defendant contends the trial court erred in two ways: (1) in denying his petition for a certificate of rehabilitation; and (2) in concluding he is ineligible for section 290 registration relief under section 290.5. Neither contention has merit.

I

*The trial court did not err in denying defendant's petition*

A certificate of rehabilitation is an intermediate step toward securing a full pardon and allows the superior court to investigate and recommend pardon applicants to the governor. (*People v. Ansell* (2001) 25 Cal.4th 868, 875-876.) A certificate of rehabilitation procedure is available to felons, with certain exceptions, who have successfully completed their sentences and have undergone an additional and sustained period of rehabilitation in California. (§ 4852.03, subd. (a); see §§ 4852.01, subds. (a)-(c), 4852.06; *Ansell* at p. 875.) The length of the rehabilitation period is a base five years plus an additional period determined by the petitioner's conviction. (See § 4852.03, subd. (a).) A person is not eligible to file a petition for a certificate of rehabilitation until this period has elapsed. (§ 4852.03, subd. (b).)

2

Defendant contends he was subject to only the base five-year period. Defendant is mistaken. An additional two-year period is added to the base five years regardless of the nature of the conviction. (§ 4852.03, subd. (a)(3).) That additional period increases to five years, for a total rehabilitation period of 10 years, in the case of a person convicted of committing any offense requiring sex offender registration. (§ 4852.03, subd. (a)(2)(A); see § 4852.22 [providing discretionary exemption from rehabilitation period except for offenses requiring section 290 registration].) Defendant was convicted of human trafficking and that crime requires registration. (§ 290, subd. (c)(1).) Thus, based on section 4852.03, a 10-year rehabilitation period applies to defendant. There is no dispute this 10-year period had not elapsed when defendant filed his petition.

Defendant claims that a 10-year rehabilitation period cannot apply because his underlying conviction was dismissed. He appears to rely on section 4852.01, subdivision (b) within the chapter governing certificates of rehabilitation. But his focus on this section is too narrow. Section 4852.01 identifies the persons who are eligible to file a petition. Those persons include persons convicted of a felony violation of a sex offense who are granted probation, the accusatory pleading of which has been dismissed pursuant to section 1203.4. (§ 4852.01, subd. (b).) While this section does not set forth rehabilitation periods, it specifies that the person can file a petition "pursuant to the provisions of this chapter." The chapter includes section 4852.03. We cannot read section 4852.01, subdivision (b) in isolation while ignoring eligibility requirements found elsewhere in the chapter. (*People v. Miller* (2018) 23 Cal.App.5th 973, 982.)

Defendant also makes the conclusory assertion that the denial of his petition is unconstitutional. Because this assertion was not raised in the trial court and lacks analysis or citation to authority, we consider it forfeited. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52 [appellate court is not required to examine undeveloped claims]; *People v. Rudd* (1998) 63 Cal.App.4th 620, 628 [constitutional objections must be interposed before the trial judge to be preserved for appeal].)

In sum, the trial court did not err in denying defendant's petition.

3

## II

*Section 290.5 does not provide defendant relief from registration as a sex offender*

Senate Bill No. 384 (2017-2018 Reg. Sess.) restructured the sex offender registration requirements by establishing three tiers of registration. (See § 290, subd. (d).) Offenders falling in the third tier are subject to lifetime registration. (§ 290, subd. (d)(3).) Tier three includes persons "convicted of a felony offense described in subdivision (b) or (c) of Section 236.1" (conviction-based tier three offenders). (§ 290, subd. (d)(3)(I).) It also includes persons who committed a tier one or tier two offense whose risk level is well above average, as specified (risk-based tier three offenders). (§ 290, subd. (d)(3)(D).)

Because defendant was convicted under subdivision (b) of Section 236.1, he is a conviction-based tier three offender and subject to lifetime registration.[1] Defendant's contention that he was statutorily entitled to a risk-based assessment before being placed in this tier lacks merit. And he fails to develop any claim that the United States Constitution entitles him to such an assessment or that the entire registration process is unconstitutional. (See *Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

Because of defendant's status as a conviction-based tier three offender, there is no merit to his claim that he is eligible for relief from registration under section 290.5. Section 290.5 provides such relief to three groups: (1) tier one offenders; (2) tier two offenders; and (3) risk-based tier three offenders. (§ 290.5, subds. (a)-(b).) Defendant does not fall within those groups, so he is not eligible for registration relief under section 290.5.

---

[1] Defendant vaguely questions his no contest plea based on coercion and a lack of disclosure of a lifetime registration requirement. But defendant does not appeal from a timely motion to withdraw his plea. (§ 1018.) Also, defendant does not sufficiently develop this contention or provide a record to support it. (*People v. Zaidi* (2007) 147 Cal.App.4th 1470, 1481 [defendant must show by evidence in record that he would not have entered plea].)

4

Defendant contends he should be eligible for relief because his conviction was dismissed under section 1203.4. Not so. "Section 1203.4 dismissal . . . does not affect sex offender registration." (*People v. Chatman* (2018) 4 Cal.5th 277, 287.) Defendant also appears to rely on section 290.46 as providing relief from the registration requirement. But that section is inapposite. It requires the Department of Justice to maintain a public Internet Web site that provides information about registered sex offenders. (§ 290.46, subd. (a).) A person may apply for exclusion from the Web site through the department. (§ 290.46, subd. (d).) The Web site and the exclusion application are separate from the general sex offender registration requirement and the relief provided by section 290.5 that defendant seeks. (See *People v. Brandao* (2012) 203 Cal.App.4th 436, 441 fn. 5 [persons excluded from section 290.46 Internet Web site must continue to register as sex offenders]).

For these reasons, the trial court correctly found defendant ineligible for registration relief under section 290.5.

DISPOSITION

The order denying the petition for a certificate of rehabilitation is affirmed.


———————————————
MESIWALA, J.


We concur:


———————————————
HULL, Acting P. J.


———————————————
MAURO, J.

6